(80 South. 874)

GRAMBS v. CITY OF BIRMINGHAM.
(6 Div. 836.)

(Supreme Court of Alabama.   Feb. 13, 1919.)

1. STATUTES ⊙⟼120(1)—TITLE—CITIES.

Acts 1915, p. 294, entitled an act "to further provide for the organization, government, and regulation of cities which now have or which may hereafter have a population of 100,-000," etc., section 12 of which relates to giving city of notice of personal injuries, *held* not violative of Const. 1901, § 45, as containing subjects not expressed in the title, or, if one only, that one not clearly expressed.

2. STATUTES ⊙⟼141(2)—AMENDMENT BY REFERENCE TO TITLE—CONSTITUTION.

Acts 1915, p. 294 et seq., providing for organization, government, and regulation of cities having population of 100,000, by implication affecting Code, § 1275, being in itself complete and original in form, is not violative of Const. 1901, § 45, providing no law shall be amended by reference to its title only.

---

3. MUNICIPAL CORPORATIONS ⬅755(2)—INJURIES ON STREET—LIABILITY—ORIGIN.

Municipal liability for injuries to pedestrian on public street arises by necessary implication from legislative enactments on subject of municipal power and authority over streets.

4. MUNICIPAL CORPORATIONS ⬅812(2)—INJURIES ON STREET — REQUIREMENT OF NOTICE.

Acts 1915, p. 298, § 12, providing that city within act shall not be liable for personal injuries to pedestrian through defect in street, unless notice is given within certain time, *held* not unreasonable, liability of city being statutory in origin, so that Legislature may attach conditions.

5. MUNICIPAL CORPORATIONS ⬅812(6)—INJURIES ON STREET—STATEMENT OF INJURY —TECHNICAL ACCURACY.

Technical accuracy in statement of injury required by Acts 1915, p. 298, § 12, to be filed with city clerk, by person injured on street, is not necessary.

6. PLEADING ⬅193(1)—CONDITION PRECEDENT—PERFORMANCE—EXCUSE.

Omission to allege performance of condition precedent, or excuse for nonperformance, in case an excuse may be allowed, is fatal on demurrer.

7. MUNICIPAL CORPORATIONS ⬅816(5)—INJURIES ON STREETS—PLEADING AND PROOF— STATEMENT OF INJURY.

Claimant against city for personal injuries on street can prevail in courts against city's diligent defense only by alleging and proving that, as required by Acts 1915, p. 298, § 12, he has filed statement of injury with city clerk according to substantial requirement of statute.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Suit by Fannie Leola Grambs against the City of Birmingham. From a judgment for defendant, plaintiff appeals. Affirmed.

Beddow & Oberdorfer, of Birmingham, for appellant.

Fred G. Moore, of Birmingham, for appellee.

SAYRE, J. Appellant sued the city of Birmingham for damages, alleging that she had received injuries by reason of stepping into a hole negligently allowed to remain in a street of the city. The trial court sustained a demurrer to each of the five counts of the complaint, whereupon, plaintiff declining to plead further, judgment went for defendant.

The complaint averred that "before the filing of this suit, on, to wit, the 21st day of September, 1917, a sworn statement was filed with the clerk of the city of Birmingham, by the plaintiff, stating substantially the manner in which the injury was received, and

the day and the time and the place where the accident occurred, and the damage claimed." It will be observed that this declaration followed the language of section 1275 of the Code. But section 12 of the act "to further provide for the organization, government and regulation of cities which now have or which may hereafter have a population of as much as one hundred thousand people according to the last federal census," etc., not by reference, but as an original proposition, in general effect, re-enacted section 1275 of the Code, with some changes, however, and along with the rest added the requirement that the sworn statement to be filed with the city clerk should state "the street and house number where the party injured resides." Acts 1915, p. 294 et seq. Plaintiff, in framing her complaint, failed to take account of this addition to the statute law, and the demurrer aptly pointed out this fact.

[1] It is now stated that section 12, supra, violates section 45 of the Constitution, in that it contains two subjects, or, if one only, the one is not clearly expressed in the title. This proposition of the brief is not argued, and we think it may be properly disposed of by reference to so much of the title as we have quoted above and a citation of one or two of our cases. Brannan v. Henry, 175 Ala. 454, 57 South. 967; Bell v. State, 115 Ala. 87, 22 South. 453.

[2] It is also contended that the act violates that part of section 45 of the Constitution reading as follows:

"No law shall be * * * amended * * * by reference to its title only; but so much thereof as is * * * amended * * * shall be re-enacted and published at length."

The act in question is not of an amendatory character. It is in itself complete, and original in form, and affects section 1275 of the Code by implication only. It was long ago decided that the Constitution did not intend that every law which affects some previous statute of variant provisions on the same subject should set out the statute so affected. If this were so, it would be impossible to legislate. Walker, C. J., in Ex parte Pollard, 40 Ala. 100; Ex parte Thomas, 113 Ala. 6, 21 South. 369.

[3, 4] Municipal liability in cases of this sort arises by necessary implication from legislative enactments on the subject of municipal power and authority over streets. Bessemer v. Whaley, 187 Ala. 525, 65 South. 542. With this premise, we may answer the assertion that section 12 of the act of 1915, supra, is invalid because it imposes unreasonable restraints upon litigants, by quoting the language of Judge Dillon:

"Statutes requiring the presentation of notice of claim to designated municipal or public authorities before any action shall be brought and

within a specified period after the cause of action may have accrued have often been sustained as valid enactments in the case of claims growing out of torts on the ground that the liability of the municipality for tortious claims is only statutory in its origin, and the Legislature may attach such conditions to the right to recover from the municipality for the tort as it deems proper or expedient." 4 Mun. Corp. (5th Ed.) § 1613; Collins v. Spokane, 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840.

This appears to have been recognized by this court in Barrett v. City of Mobile, 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54.

[5-7] Finally, it is urged that the statement to be filed with the city clerk may be waived, and, therefore, that the complaint was not demurrable for its failure to allege the filing of a statement in compliance with the statute in all respects, or, in any event, that the facts alleged in some of the counts sufficiently showed a waiver. Technical accuracy in the statement is not required (McKinnon v. Birmingham, 196 Ala. 56, 71 South. 463); but statutory prescriptions of this character are generally construed as being mandatory, and as enacting conditions precedent to the bringing of actions against municipal corporations for the causes to which they relate; so that, in order to maintain such an action, the filing of the claim in substantial compliance with the statute must be averred and proved. 5 Thomp. Neg. § 6321; 4 Dill. ubi supra. So far as concerns allegation, it is a familiar rule of pleading that the omission to allege performance of a condition precedent—or an excuse for nonperformance in case an excuse may be allowed—is fatal on demurrer. 13 C. J. p. 724, § 847. This was the ruling, though very briefly stated and without reference to the authorities, in Barrett v. City of Mobile, supra. At the time of that decision section 1275 of the Code of 1907 was in force, reading:

"No recovery shall be had against any city or town on a claim for personal injury unless a sworn statement be filed," etc.

Section 12 of the act of 1915 reads:

"No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless," etc.

The change in language to be here noted seems rather to emphasize the legislative will that in the case of cities having a population of 100,000 or more the filing of the prescribed statement should be a condition precedent to the bringing of an action. But, as we have already indicated, appellant relies upon an alleged waiver. Whatever may be said of the effect of this statute in a case where the governing authorities of the munic-

ipality cause a claim to be paid without the filing of a sworn statement, or in a case where the plaintiff is allowed to recover without the objection being taken that he has failed to comply with the statute, it follows from what has been said that when the claimant must needs resort to the courts, he can only prevail against a diligent defense by alleging and proving that he has filed a statement according to the substantial requirements of the statute. This is the plain effect of the act, imposing conditions upon the maintenance of an action allowed by the statute, and the court has no authority to give it any other. Some of the courts have assumed to ingraft upon similar statutes provisos which permit waivers, but the weight of authority sustains our statement as to the law of the case. Elliott on Roads and Streets (3d Ed.) § 1155; 4 Dill. and 5 Thomp. Neg. ubi supra. The cases may be found cited in the notes under the texts of these authorities. Most of the cases to the contrary are from Michigan, and we may note in connection with them that the statute of that state seems far from being as clear as ours in prescribing the filing of a statement or the serving of notice (as there provided) as a condition precedent to the bringing of suit. Ridgeway v. Escanaba, 154 Mich. 68, 117 N. W. 550. It results that the demurrer was well sustained to those counts alleging matters of waiver.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.