(96 South. 214)

## CITY OF BIRMINGHAM v. SHIRLEY.
(6 Div. 860.)

(Supreme Court of Alabama. April 26, 1923.)

**1. Municipal corporations ⟨⟩816(5)—Compliance with statute as to notice of injury held sufficiently pleaded.**

In action for injuries from falling into hole near sidewalk, compliance with Gen. Acts 1915, p. 298, § 12, as to notice of injury, giving place of residence of injured party, *held* sufficiently averred.

**2. Limitation of actions ⟨⟩127(5)—Amendment not introducing new cause of action held not barred.**

Under Code, § 5367, as to amendments, in action for injuries from falling into hole near sidewalk, amendment of the complaint, more than 12 months after suit was instituted, describing differently the cause of injury, *held* not to introduce a new cause of action; the amendment relating back to the institution of the suit, and avoiding the one-year limitation statute.

**3. Municipal corporations ⟨⟩816(6)—Unnecessary to negative contributory negligence in suit for falling in sidewalk hole.**

In action for injuries from falling into hole near sidewalk, a count was not defective for failing to negative plaintiff's contributory negligence, where it did not disclose on its face any contributory negligence.

**4. Municipal corporations ⟨⟩816(1)—Public character of "sidewalk" held sufficiently alleged.**

In action for injuries from falling into hole near sidewalk the public character of the sidewalk in question was sufficiently alleged through its description as the sidewalk between two named streets in a named avenue in a named city, along which the public was accustomed to pass; for, in common parlance, a sidewalk is the part of the street assigned to the use of pedestrians (citing 4 Words and Phrases, Second Series, "Sidewalk").

**5. Municipal corporations ⟨⟩816(4)—Notice of dangerous condition of streets or sidewalks caused by officers, agents, or employees need not be pleaded.**

Code 1907, § 1273, does not require notice of defective condition of streets or sidewalks to be brought home to the governing body of the municipality as a condition precedent to liability therefor where such condition is caused by act or omission of the municipality's officers, agents, or employees, as knowledge of their negligence is imputable to the municipality; hence, in action for injuries from such a condition, such notice need not be pleaded.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages by T. C. Shirley against the City of Birmingham. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Count 5 (constituted of a partial readoption of count 3 and additional averments), on which the case was tried, is as follows:

"Count 5. Plaintiff claims of the defendant $3,000 as damages, for that on, to wit, the 15th day of December, 1921, the defendant was a municipal corporation, and the plaintiff was walking along the sidewalk, between Twentieth and Twenty-First street, Ensley avenue, Ensley, in the city of Birmingham, Ala., along which the public was accustomed to pass, and while so walking plaintiff stepped into a deep hole or cut, abutting upon and in close proximity to the said sidewalk, injuring him, to wit, his artificial limb was broken, his legs and sides were bruised, his back was wrenched; he was caused to suffer much physical pain and mental anguish; he spent money for doctors' bills, and was caused to lose much time from his work. And plaintiff avers that all of his said injuries and damages were the proximate result of the neglect, carelessness, or unskillfulness of an agent, officer, or employee of the defendant, engaged in work therefor, acting within the line and scope of his or their authority in allowing the said hole or cut to remain in such close proximity to and abut upon said sidewalk, and in that there was no warning signal or device provided or displayed at or in close proximity to said hole or cut, so that persons walking along said sidewalk could or would be apprised and informed of the presence of such hole or cut. And plaintiff further avers that he has complied with the statutory requirements, as provided by the Code of Alabama of 1907, § 1275 (Acts of 1915, § 12, p. 298), before the bringing of this suit, by filing a sworn statement with the clerk of the city commission of the city of Birmingham, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred and damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the plaintiff resided, all within 90 days from the receipt of such injuries on, to wit, January 6, 1921. And plaintiff further alleges that he made demand upon

Hon. N. A. Barrett, president of the board of commissioners of the city of Birmingham for the names of any other persons or corporations jointly liable with the defendant to the plaintiff, and that the said N. A. Barrett, as president of the board of commissioners of the city of Birmingham, did not within 10 days thereafter furnish to the plaintiff the name of such other person or corporation jointly liable with the defendant."

W. J. Wynn, City Atty., and W. M. Woodall, Asst. City Atty., both of Birmingham, for appellant.

Count 5 is demurrable, because it does not allege that the sidewalk was a public sidewalk of the city, or that it was a sidewalk in the city which the city was under duty to keep in reasonably safe condition for travelers thereon. 13 R. C. L. 364; Joliet v. Verley, 35 Ill. 58, 85 Am. Dec. 342; Albrittin v. Huntsville, 60 Ala. 486, 31 Am. Rep. 486; City Council v. Wright, 72 Ala. 411, 47 Am. Rep, 422; Bessemer v. Carroll, 154 Ala. 506, 45 South. 419; Jones v. Bright, 140 Ala. 268, 37 South. 79; Bellevue Cemetery Co. v. McEvers, 168 Ala. 535, 53 South. 272. Unless it is averred that before injury, and for such time that the city could have remedied the defect, the corporate authorities had notice of the alleged defect, a complaint is demurrable. City Council v. Wright, supra; Cullman v. McMinn, 109 Ala. 614, 19 South. 981; Lord v. Mobile, 113 Ala. 360, 21 South. 366; Montgomery v. Ferguson, 207 Ala. 430, 93 South. 4. The mere conclusion of the pleader that he had complied with the statute as to filing sworn statement of his claim will not suffice. Barrett v. Mobile, 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54; Grambs v. Birmingham, 202 Ala. 490, 80 South. 874. A complaint in a case like this cannot be amended after one year from the commencement of suit, by adding a count charging injury by reason of a different alleged defect. L. & N. R. Co. v. Lowe, 158 Ala. 391, 48 South. 99; Sullivan v. North Pratt Coal Co., 205 Ala. 56, 87 South. 804; Birmingham v. Tayloe, 105 Ala. 170, 16 South. 576; Bloomington v. Goodrich, 88 Ill. 558; Caven v. Troy, 15 App. Div. 163, 44 N. Y. Supp. 244; Gagan v. Janesville, 106 Wis. 662, 82 N. W. 558; Olcott v. St. Paul, 91 Minn. 207, 97 N. W. 879. The plaintiff, failing to exercise ordinary care and prudence in walking along the sidewalk, cannot recover in this case. White on Neg. of Mun. Corp. §§ 578, 579.

Black & Harris, of Birmingham, for appellee.

An amendment relates back to the filing of the complaint. Letson v. Mutual Loan Soc., 208 Ala. 285, 94 So. 288. The use of the words "the sidewalk" connotes a public part of the city street, being that part used by pedestrians. Wabash R. R. v. De Hart, 32 Ind. App. 62, 65 N. E. 193; State v. Berdetta, 73 Ind. 185, 38 Am. Rep. 117; Frankfort

v. Coleman, 19 Ind. App. 368, 49 N. E. 474, 65 Am. St. Rep. 412; People v. Meyer, 26 Misc. Rep. 117, 56 N. Y. Supp. 1097; Board, etc., v. Hayden, 13 Colo. App. 36, 56 Pac. 201; Graham v. Albert Lea, 48 Minn. 201, 50 N. W. 1108; Kohlhof v. Chicago, 192 Ill. 249, 61 N. E. 446, 85 Am. St. Rep. 335; Little Rock v. Fitzgerald, 59 Ark. 494, 28 S. W. 32, 28 L. R. A. 496.

McCLELLAN, J. The appeal is on the record, without bill of exceptions. The plaintiff, appellee, was awarded judgment for personal injuries resulting from his stepping or falling from a "sidewalk" into a "hole or cut" immediately adjacent to or attinging the "sidewalk." The case was submitted to the jury on the averments of count 5. The main insistence for error is rested upon the action of the court in overruling demurrer to count 5.

[1] A condition to the right to sue a municipality of the class to which Birmingham belongs is that, within 90 days "from the receipt of" injury, the party injured shall file with the city clerk a sworn statement descriptive of the injury, etc., and giving the place of residence of the party injured. Gen. Acts 1915, § 12, p. 298. The act of complying with this requisite to enter suit is a fact that may be alleged as such. The act required by the statute is not an element of an injured party's cause of action, but is a condition to his right to implead the municipality upon his cause of action. Whether the adequately averred fact of compliance with the stated statutory prescription is sustained is to be determined from the evidence; the burden to support the allegation being upon the plaintiff. In Grambs v. City of Birmingham, 202 Ala. 490, 80 South. 874, the complaint showed upon its face that the sworn statement, conforming to Code, § 1275, before its amplification through the cited act of 1915, did not disclose the inclusion in such statement of the place of residence of the injured party, an informatory recital that was required by section 12 of the act of 1915. In the count (5) under review, the averment sufficiently affirmed compliance with the provisions of the act of 1915.

[2] The amendment of the complaint, through the addition of a count (more than 12 months after the suit was instituted) in which the cause or means of plaintiff's injury was differently described from that to which plaintiff's injury was ascribed in the original complaint, did not introduce a new cause of action for the same injury; the amended count relating back to the institution of the suit, and avoiding the intervention of the statute of limitations of one year. Code, § 5367; Ala. Cons. Iron Co. v. Heald, 154 Ala. 580, 589, et seq., 45 South. 686. Decisions illustrating the application of the rule with respect to mere variance between allegation and proof are not pertinent to the

questions pertaining to the amendment of pleading or to the applicability thereto of the statutes of limitation.

[3] The count (5) under review was not rendered faulty by reason of its failure to negative contributory negligence on the part of the plaintiff, a pedestrian. It is manifest that the count does not disclose on its face that plaintiff, on the occasion of his injury, was guilty of contributory negligence.

The last paragraph in count 5 refutes the point taken by ground 10 of the demurrer, which, it appears, was predicated of the concluding provisions of Code, § 1274.

Count 5, reproduced in the report of the appeal, does not aver, or proceed upon the theory, that plaintiff's injury was caused by a defect in the street or sidewalk over which plaintiff, a pedestrian, was moving. Its theory is that his injury was ascribable to a hole or cut in close proximity to and abutting the sidewalk, which was negligently left without warning or signal to persons using the walkway. In the oral charge the court stated a rule of municipal liability, consequent upon municipal duty to safeguard street ways from danger arising from conditions attinging a street, that consisted with the theory upon which the count (5) proceeds. The soundness and present application of the rule stated by the court in that connection is not questioned on this appeal.

The third and fourth grounds of demurrer point these objections to the sufficiency of the count (5): (a) That the defect was not averred to have existed in a public street; (b) and that the averment of defect in the public street was a mere conclusion of the pleader. Both of these grounds were inapt, for that, as already stated, the count did not assume to charge that the cause of plaintiff's injury was a result of a defect in the street or in the sidewalk.

There is no ground of demurrer efficiently taking the specific objection (Code, § 5340) that it is not averred in the count (5) that the municipality was under a duty to keep this sidewalk in reasonably safe condition for pedestrians.

[4] The public character of the sidewalk in question was sufficiently alleged through its description as "the sidewalk, between Twentieth and Twenty-First street, Ensley avenue, Ensley, in the city of Birmingham, Ala., along which the public was accustomed to pass." In common parlance a sidewalk is the part of a street assigned to the use of pedestrians. 36 Cyc. p. 440; State v. Berdetta, 73 Ind. 185, 38 Am. Rep. 117, 118; 4 Words and Phrases, Second Series, 583, 584.

[5] The only remaining ground of demurrer sufficiently specific to require consideration is the seventh, which reads:

"(7) For that it fails to appear from the averments of said count that before the injuries complained of the governing body of the defendant had notice of the existence of the alleged defect, causing the injury complained of, for a sufficient time to have had it remedied, or that the alleged defect had existed for such length of time as that such notice was constructively given to said body."

The count is, in fact, silent in the particular noted in the quoted ground of the demurrer. The count (5) undertakes to set forth a cause of action in the category denominated (a) in the construction this court gave Code, § 1273, in the comparatively recent pronouncement made in City of Birmingham v. Carle, 191 Ala. 539, 68 South. 22, L. R. A. 1915F, 797, and reaffirmed in Bloom v. City of Cullman, 197 Ala. 490, 495, 73 South. 85. It was there held, consistent with the terms of the statute (Code, § 1273), that, where the culpable act or omission in question was legally attributable to some officer or agent of the municipality, the liability contemplated was within category (a) as defined in the statute. To construct a sufficient count on a cause of action assignable to that class under the statute is not required that notice of the condition or wrong causing the injury or damage should be brought home to the governing body or thereto imputed in consequence of the period of time such condition or wrong shall have existed. That prerequisite to municipal liability is referable alone to the other class, viz. (b) defined in Code, § 1273. Where the municipality either causes or permits the creation, through the act or omission of its agents, officers, or employees, acting within the line and scope of their authority, of a condition or wrong proximately causing injury, the statute (section 1273) does not make liability depend upon notice to the governing body of the condition or wrong thus created by the municipality's own agents, officers, or employees. Notice or knowledge of that which the municipality's authorized agents, officers, or employees do or omit in circumstances within the statute's class (a) is imputable to the municipality; and the municipality's liability is consequent upon the application of doctrine of respondeat superior. The Carle and Bloom Cases, supra. The seventh ground of demurrer was overruled without error.

The recent decision of City of Montgomery v. Ferguson, 207 Ala. 430, 93 South. 4, involved a case falling within class (b) of our construction of Code, § 1273, in the Carle and Bloom Cases. It was not asserted in the Ferguson Case, supra, that the agents, officers, or employees of the city of Montgomery created the condition which, it was averred caused Ferguson's injury.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.