174 So. 630

**McCALL v. CITY OF BIRMINGHAM.**

**6 Div. 76.**

Supreme Court of Alabama.

May 13, 1937.

Erle Pettus and Erle Pettus, Jr., both of Birmingham, for appellant.

W. J. Wynn, Clarence Mullins, and Harvey T. Deramus, all of Birmingham, for appellee.

THOMAS, Justice.

There was a nonsuit because of adverse ruling on demurrer to the complaint as amended from which action this appeal is prosecuted.

It is the general rule that the filing of a sworn statement of plaintiff's claim within the time and in the manner prescribed by the statute is a condition precedent to a recovery against a municipality. Howell v. City of Dothan (Ala. Sup.) 174 So. 624;[1] City of Birmingham v. Cox, 230 Ala. 99, 159 So. 818; City of Birmingham v. Estes, 229 Ala. 671, 159 So. 201, 97 A.L.R. 114.

It is further declared by this court that the filing of the required sworn statement of the plaintiff's claim with the city clerk cannot be waived by the municipality; that when such defense is made—of such nonclaim—the plaintiff must allege and prove the compliance with the statute. Howell v. City of Dothan, supra; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643; section 12, Gen.Acts 1915, p. 298.

The question for decision is, can the city by its acting city attorney waive the filing of the sworn statement of plaintiff's claim as required by the statute we have cited and its construction by this court. Section 12 of the foregoing act of 1915 is as follows: "No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides."

This act applies to Birmingham as a city of 100,000 population, according to federal census.

As far back as the Barrett Case (Barrett v. City of Mobile), 129 Ala. 179, 30 So. 36, 38, 87 Am.St.Rep. 54, it was held that "The right to sue [or recover from] the city without first presenting the claim [as required by the statute] is taken away by the statute." This was approved in City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7; City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841; City of Birmingham v. Shirley, 209 Ala. 305, 96 So. 214; Benton v. City of Montgomery, 200 Ala. 97, 75 So. 473. This line of authorities was adhered to and adopted by Mr. Justice Knight when he held that it was mandatory that the plaintiff file the required sworn statement of his claim within the time required by the statute. City of Birmingham v. Estes, 229 Ala. 671, 159 So. 201, 97 A.L.R. 114.

What of the alleged waiver or estoppel excusing the assertion and presentation of

[1] Ante, p. 158.

the claim in compliance with section 12 of the General Acts of 1915, p. 298? We think not under the authority of Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874, 875. When the original record in the above-cited case is examined, it discloses that the complaint as first filed contained one count. The allegations respecting the filing of the claim are as shown in the opinion of Mr. Justice Sayre. The amended counts, 2 to 5, inclusive, adopt count 1. Hence the ruling in that case as to waiver and estoppel of the statutory requirement was not dictum. It was stated by Mr. Justice Sayre as follows: "The complaint averred that 'before the filing of this suit, on, to wit, the 21st day of September, 1917, a sworn statement was filed with the clerk of the city of Birmingham, by the plaintiff, stating substantially the manner in which the injury was received, and the day and the time and the place where the accident occurred, and the damage claimed.' It will be observed that this declaration followed the language of section 1275 of the Code. But section 12 of the act 'to further provide for the organization, government and regulation of cities which now have or which may hereafter have a population of as much as one hundred thousand people according to the last federal census,' etc., not by reference, but as an original proposition, in general effect re-enacted section 1275 of the Code, with some changes, however, and along with the rest *added the requirement that the sworn statement to be filed with the city clerk should state 'the street and house number where the party injured resides.'* Acts 1915, p. 294, et seq. Plaintiff, in framing her complaint, failed to take account of this addition to the statute law, and the demurrer aptly pointed out this fact." [Italics supplied].

The amended counts adopted the words of the first count, adding the averments as to waiver of statutory requirements. In amended count 4, for example, the waiver or estoppel is set up as follows in the above-mentioned Grambs Case:

"And plaintiff avers that on the 21st day of September, 1917 she filed with the Clerk of the City of Birmingham a sworn statement, a copy of which is hereto attached marked exhibit 'A'; that the governing body of said City on the presentation and filing of said claim treated the same as sufficient and led this plaintiff to believe that the said statement so given was valid and

failed and refused to allow said claim and at the time of the presentation of said claim the plaintiff resided at 815 South Thirtieth Street, Birmingham, where she had resided for about 20 years, and that she or her husband were well known to the members composing the governing body of the City, as well as their place of residence, which had been in the City Directory for many years, and was otherwise generally known.

"And plaintiff avers that the said City of Birmingham waived its right, if any it had, to claim that said notice was insufficient, or defective for its failure to include therein the street and house number of the plaintiff's residence."

The like effect is contained in count 5. Count 3 avers that she and her husband were personally known to each member of the city commission and the city attorney and were well known in the community, and that their place of residence was also well known to such officials. Count 2 makes like averment, with the addition that the city treated said sworn claim as a substantial compliance with the statute, accepted and retained the same, making an investigation "with knowledge of the street and house number of the plaintiff's residence" and waived the compliance with the provision as to sworn statement containing the street and house number of the plaintiff. The record in the Grambs Case, supra, further shows the injury occurred on August 14, 1917, the several statements of plaintiff's claim, leaving out the street and number of the house where plaintiff resided, and that said claim was duly filed with the city clerk September 21, 1917, which was 37 days after the accident. The incomplete claim was actually filed as the sworn statement. The record further shows that it contained all requirements of section 12 of the 1915 General Acts, with the exception of the one requirement that she failed to state the street and house number of her residence. Hence the decision in the Grambs Case, supra.

The Grambs Case, supra, is conclusive of the waiver sought to be pleaded here. The opinion in said case concludes as follows: "Finally, it is urged that the statement to be filed with the city clerk may be waived, and, therefore, that the complaint was not demurrable for its failure to allege the filing of a statement in compliance with the statute in all respects, or, in any event, that the facts alleged

in some of the counts sufficiently showed a waiver. * * * So far as concerns allegation, it is a familiar rule of pleading that the omission to allege performance of a condition precedent—or an excuse for non-performance in case an excuse may be allowed—is fatal on demurrer. 13 C.J. p. 724, § 847. This was the ruling, though very briefly stated and without reference to the authorities, in Barrett v. City of Mobile, supra. At the time of that decision section 1275 of the Code of 1907 was in force, reading: 'No recovery shall be had against any city or town on a claim for personal injury unless a sworn statement be filed,' etc. Section 12 of the act of 1915 reads: * -* * The change in language to be here noted seems rather to emphasize the legislative will that in the case of cities having a population of 100,000 or more the filing of the prescribed statement should be a condition precedent to the bringing of an action. But, as we have already indicated, appellant relies upon an alleged waiver. * * * It follows from what has been said that when the claimant must needs resort to the courts, he can only prevail against a diligent defense by alleging and proving that he has filed a statement according to the substantial requirements of the statute. This is the plain effect of the act, imposing conditions upon the maintenance of an action allowed by the statute, and the court has no authority to give it any other. Some of the courts have assumed to ingraft upon similar statutes provisos which permit waivers, but the weight of authority sustains our statement as to the law of the case. Elliott on Roads and Streets (3d Ed.) § 1155; 4 Dill. and 5 Thomp.Neg. ubi supra. * * * It results that the demurrer was well sustained to those counts alleging matters of waiver."

This is conclusive that the observation in question was not obiter dictum but was decisive and conclusive upon the question—the *waiver* sought to be set up in plaintiff's declaration. The apt demurrers on the point were properly sustained to the several original counts and to the counts as amended.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

