*J. J. Walker, Newbern & Meeks, J. L. Mayson,* contra.

---

## 3207.  KENNEDY *v.* MAYOR AND ALDERMEN OF SAVANNAH.

1. A policeman is not, by reason of his position as an employee of a city, precluded from recovering damages from the city for personal injuries caused by the city's neglect to keep a highway in proper repair.

2. Though a policeman, employed by a city to patrol a particular beat, so materially deviates from the route he is instructed to follow while on that beat that, if the case were one falling under the ordinary law of master and servant, he could not (on account of his violation of rules and instructions) recover from his employer, the city, for any injury received by him through his encountering latent dangers, known to his employer and not known to him, nevertheless, if at the time of the injury he is, in a usual and orderly way, traveling upon a public highway of the city and is hurt by a defect which the city has negligently allowed

to remain in the highway, he is entitled to recover damages on the same terms that any other citizen would be.

(*a*) *Query.* Do the ordinary doctrines of the law of master and servant apply as between a city and its police officers?

DECIDED SEPTEMBER 11, 1911. REHEARING DENIED SEPTEMBER 30, 1911.

Action for damages; from city court of Savannah—Judge Davis Freeman. December 21, 1910.

*E. H. Abrahams, Osborne & Lawrence,* for plaintiff.

*H. E. Wilson,* for defendant.

POWELL, J. Kennedy, a policeman of the city of Savannah, was assigned to a beat known as "Factor's Wharf." While patrolling one night he was injured by a fall sustained on account of an alleged defect in one of the public streets of the city. He sued the city, claiming that this defective way lay within the route he should have traversed as a patrolman. The city claimed to the contrary, and insisted that he had left the beat assigned to him and, at the time of his injury, was in a state of neglect of duty by not being on the street on which he should have been. The first trial resulted in a nonsuit. That judgment was reversed by this court, but on a ground not here presented. See *Kennedy* v. *Savannah, 8 Ga. App.* 98 (68 S. E. 652). In the trial now under review the court directed a verdict for the defendant, on the ground that the evidence undisputedly showed that at the time the plaintiff was injured he had deviated from the route assigned to him by his superior officer, and that he could not look to his employer, the city, for compensation for an injury which he received while he was thus violating or neglecting his duty. For the purposes of this decision we will not go into the question as to whether the evidence demanded a finding that the plaintiff had materially deviated from the route he should have taken in patrolling his beat, but will assume that to be true. The question we shall discuss is whether the policeman, by leaving the beat assigned to him and by being upon another public street of the city, forfeited his right to claim damages on account of a negligent defect in the public street over which he was thus traveling.

The wrong, if any, which the city committed against the plaintiff was the violation of a duty on the city's part (howsoever imposed, if imposed by any rule of law) to keep the place where the plaintiff was hurt free from latent, harmful things jeoparding his right of personal security. Duties usually arise from the law

attaching to relationships. A single relationship between the parties may impose a duty upon the one in favor of the other; but it is also true that the same duty as to the same thing at the same time may be imposed upon the same one person in favor of the same other person by reason of two or more different relationships, simultaneously existing between the parties. Further, cases arise in which the relationship between the parties is twofold (or even multifold), but in which some particular duty is owing by the one party to the other under only one of the relationships; also there are cases where a person having the same duty generally owing him by another person under two concurrent relationships has forfeited his right of action for a breach of the duty as respects one of the relationships, but not as respects the other. If two relationships exist, the plaintiff has a right of action for damages arising from the breach of a duty owed to him thereunder, whether owed under only one or under both of them; and if the duty is generally owing under both, he may successfully maintain his action, notwithstanding that he has forfeited his rights to invoke the breach of duty as a cause of action so far as one of the .relationships is concerned, provided he has not also forfeited it as to the other.

The trial court in this case looked upon the plaintiff's cause of action as arising under the relationship of master and servant. Generally speaking, the master must not expose the servant to latent dangers which he, in ignorance of them, is likely to encounter in the line of the performance of the duty assigned to him. A duty to warn exists in such cases; and á failure to warn, followed by hurt therefrom to the servant, usually gives a cause of action. But if it appears that the servant would not have been injured if he had pursued his duty according to the instructions given him, and that he was hurt while materially deviating from the line of his duty, he is not in a position to invoke the failure to warn, or the undisclosed existence of the latent danger, as a cause of action, so far as the relationship of master and servant is concerned; and if there does not exist between the parties some other relationship, adequate to impose the duty and to preserve it under the facts, he can not recover. So, in this case, if there were no duty on the city save that of a master, and no right in favor of the policeman save that of a servant, the judgment of the trial court would be correct. In so far as the city and the policeman are to be viewed as mas-

ter and servant, the city owed to the policeman the duty of not sending him, without warning, to walk over a route in which there existed a hidden danger, of which the city had actual or constructive knowledge and the policeman had not, whether that danger lay in a public street or not. If the policeman, in violation of instructions, left the route assigned him, and of his own volition took another, and the latent danger was there encountered, he could not in his capacity of employee hold the city liable in the capacity of employer.

However, another relationship existed between the parties—that of municipality and traveler upon the public highway. A duty as to the particular thing by which the plaintiff was hurt exists under the law of that relationship. "Keeping its sidewalks [and public ways] reasonably safe is the duty of a municipal corporation relatively not only to travelers, but to any person lawfully upon a sidewalk [or public way], using it for any purpose for which sidewalks [and public ways] are designed." *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (2), (48 S. E. 318). The plaintiff was a citizen as well as a policeman. As a policeman (or servant) he was not entitled to protection against latent defects in the way over which he passed, unless he confined himself substantially to the route he was instructed to go; as a citizen he was entitled to protection against such defects, no matter where his inclinations took him, provided he confined himself to the public highway.

The fact that he had forfeited his rights to warning and to protection in his capacity of patrolman on duty did not work a forfeiture also of his rights as a citizen lawfully traveling the highway. A person may be lawfully traveling a highway though engaged at the time of his travel in violating some duty, or even in violating some law. For instance, a person walking in an orderly manner down a sidewalk is using the sidewalk lawfully, though he may be violating the law by having a pistol concealed in his pocket. The fact of his having the pistol concealed would not prevent his recovering from the city if he fell on account of a latent defect in the sidewalk and broke his leg. *Atlanta Steel Company* v. *Hughes*, 136 *Ga.* 511 (70 S. E. 728). Suppose that the plaintiff in this case had wholly deserted his beat and had gone into an entirely different portion of the city, for some purpose utterly foreign to his duties as a policeman, and had there suffered injury through a defect in the street, would he be precluded from holding the city

liable to him as a citizen? We think not. Suppose a track foreman of a railroad company leaves his accustomed work before his hours of service are over, and buys a ticket and takes passage upon one of the trains of the company for which he is working. The company no longer owes him the duty it would owe to a servant, but it none the less owes him the same duty it would owe to any other passenger.

Enough has been said to show that we are of the opinion that the court erred in directing a verdict against the plaintiff. In what we have said we have assumed that the ordinary rules of the law of master and servant are generally applicable between a city and one of its policemen, but before we close this opinion we wish to say that this assumption has been made only for the purposes of the argument; for, while the point is not before us, we incline to the view that the relation between the city and a policeman is not the ordinary relation of master and servant, but is a special relation in which the public character of the policeman's office is an important factor. Many courts have so held. See City of Galveston *v.* Hemmis, 72 Tex. 558 (13 Am. St. R. 828, and cit.). The governmental function involved in the city's duty of employing policemen presents an element not involved in the ordinary case of employer and employee. Be that as it may, it is well settled that policemen, firemen, and other city employees are entitled to hold the city liable for defects in the streets and other highways on the same general terms as other citizens. An excellent note and collection of cases on the subject is found in 20 L. R. A. (N. S.) 748.                    *Judgment reversed.*

### ON MOTION FOR REHEARING.

It is contended in the motion for a rehearing that this court overlooked the decision in the case of *Atlanta etc. Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. Rep. 145), in which the court says (quoting from 16 Am. & Eng. Enc. of Law, 411-412): "In order to maintain an action for a negligent injury, it must appear that there was a legal duty from the person inflicting the injury to the person on whom it was inflicted, and that such duty was violated by a want of ordinary care on the part of the defendant. It is not sufficient that there be a general duty to the public which is violated, but in all civil cases the right to enforce such duty must reside in the individual injured because

of a duty due him from his injurer, or he can not recover." We think that a careful reading of our opinion previously filed will show that we have not overlooked this doctrine. We took then, and now take, the view that the city owed a duty to Kennedy in his individual capacity as a traveler upon the highway,—the duty of keeping the highway reasonably safe,—and that while this is a general duty owing to all the public, it is a specific duty as to each member of the public when that individual puts himself in such a relation as to be able to invoke it in a particular case. The doctrine was applied in the *Gravitt* case to the extent of holding that as to crossing laws, the general duty of giving signals and checking the train, which the railway companies owe, could not be invoked by one not attempting to use the crossing, but injured at another place: or, to state it differently, that the general duty imposed upon railroad companies as to crossings exists only in favor of such members of the general public as are using or are attempting to use the public crossing, and that Gravitt, who was not using or attempting to use the crossing, had no right to invoke as negligence a failure of the railroad company to comply with the crossing law. So, in this case, if Kennedy had not been a traveler upon the highway, he could not invoke as negligence the fact that the city had neglected the duty of keeping the highway in repair. The court in the *Gravitt* case did not mean to say that because the duty imposed upon railroad companies as to public crossings is a duty owing to the general public, an individual who was about to use the crossing could not claim the benefit of it. Likewise, in this case, we have held that though the duty owing by the city as to keeping its streets in repair is a general duty owing to all the public, still any member of the public who at the time happens to be lawfully traveling over the particular street can invoke the duty, and that Kennedy was at the time of his injury such a traveler.

*Rehearing denied.*