## City of Louisville v. Hans, By et al.

(Decided December 2, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Municipal Corporations—Obstruction of Sidewalk.—Where the city required property owners to place garbage in cans on the sidewalk, to be removed by the street cleaning department, and the city negligently failed to remove the garbage when it should have done so, permitting it to remain in the can for three days, at the end of which time a traveler in the night fell over the can and sustained injuries, the city was liable.

2. Municipal Corporations—Governmental Functions.—Where a city permits a can containing garbage, that it has ordered the property owner to place on the sidewalk for removal by the street cleaning department, to remain three days where it has been placed by the property owner, as an obstruction to the sidewalk, the city, in failing to remove the can, was not exercising a governmental function. It was guilty of negligence in permitting its sidewalk to be obstructed in such a manner as to make it unsafe for public travel.

J. W. S. CLEMENTS and PENDLETON BECKLEY for appellant.

ROBERT L. PAGE and E. G. HILL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Earl Hans, a boy about eleven years of age, fell over a garbage can, filled with garbage, which had been placed on a sidewalk in the city of Louisville, and sustained severe injuries. To recover damages for the injuries so sustained, he brought suit against the city and Margaret Cook, the person who had placed the garbage can on the sidewalk.

On a trial of the case there was a verdict against the city, and a verdict for Mrs. Cook, and the city appeals.

It appears from the evidence that the street cleaning department goes about three times a week to remove

garbage that has been placed in receptacles on sidewalks or in alleys. It is also shown that the garbage can in question, which was a large pan with a handle, was placed on the sidewalk near the curbing early on Saturday morning, and remained there until the following Monday night, when the boy, on his way home from a grocery store, in a drizzling rain, stumbled over it and fell.

One ground urged for reversal is that the garbage can on the sidewalk was not such an obstruction as to put upon the city notice of its presence, and so the city could not be held liable for the accident.

The evidence shows that the garbage can was of good size and could easily be seen by any persons whose duties required them to take any sort of notice of obstructions in the street; and that it remained in the same place three days. Under repeated decisions of this court this was such an obstruction of the street as rendered the city liable in damages to any person who, in the exercise of ordinary care for his own safety, stumbled or fell over it; and the jury, under appropriate instructions, found that the obstruction had continued for such a length of time that by the exercise of ordinary care its presence could have been known to the agents or employes of the city whose duty it was to look after the safety of the streets.

Another reason advanced why a directed verdict should have gone for the city is that the city, through its street cleaning department, was exercising a governmental function in gathering up the garbage placed in these cans, and, therefore, it should not be held responsible.

We do not think the doctrine invoked can have any application to this case. As shown by the evidence, it was the duty of Mrs. Cook to leave the garbage in this can on the sidewalk and the duty of the city's employes to have taken the garbage from this can on Saturday morning. If this duty had been performed by the city, Mrs. Cook could have removed the can from the sidewalk on Saturday, but in place of doing this, it permitted the garbage to remain in the can, constituting an obstruction of the sidewalk until after Earl Hans received the injuries complained of.

In failing to remove this garbage when it should have done so, the city was not exercising any governmental function. It was simply guilty of negligence, as

much so as if a man in the employ of the city whose duty it was to remove the garbage had himself put an obstruction on the sidewalk at this place and let it remain there three days. The city is under a duty to exercise ordinary care to keep its streets and sidewalks in reasonably safe condition for public travel, and when it fails to perform this duty by leaving an obstruction in the street or on the sidewalk that it knows, or in the exercise of ordinary care could have known, was present, and some person is injured by reason of the obstruction, the liability of the city grows out of its failure to perform the duty mentioned. This doctrine has been announced so often by this court that it is not worth while to do more than cite the case of City of Louisville v. Bridwell, 150 Ky., 589.

It is further contended that because the jury returned a verdict in favor of Mrs. Cook, the court should have sustained the city's motion for a verdict in its favor; but we have ruled otherwise in several cases: Louisville Bridge Co. v. Seiber, 157 Ky., 151; National Cash Register Co. v. Williams, 161 Ky., 550.

The judgment is affirmed.