9310

## STRAIT v. CITY OF ROCK HILL.

### (88 S. E. 469.)

1. MUNICIPAL CORPORATIONS—CONSTRUCTION OF STATUTE—INTENTION OF LEGISLATURE—"PERSON."—Under Civ. Code 1912, sec. 3053, providing that any person who shall receive bodily injury or damages through a defect in any street, causeway, bridge, or public way, may recover damages, "any person" includes an employee of the city.

2. MASTER AND SERVANT — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.—In an employee's action against a city for personal injuries received while working on a stone crusher, the question whether the plaintiff could have performed the work in some other safe way *held* for the jury.

3. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE —JURY QUESTION.—In an employee's action against a city for personal injuries received while working on a stone crusher, the question whether his own act combined with an act of God contributed to the injury *held* for the jury under the evidence.

4. APPEAL AND ERROR—PRESENTING QUESTIONS BELOW.—In an employee's action against a city for injuries, where there was no allegation or evidence that the injury was caused by a fellow servant, the question cannot be raised on appeal.

5. MASTER AND SERVANT—PLEADING—ASSUMPTION OF RISK.—Assumption of risk is an affirmative defense, and must be pleaded.

6. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—STATUTE.—A statute is not violative of the constitutional provisions that a person may not be deprived of life or property without due process of law because a certain defense may or may not be available.

7. EVIDENCE—JUDICIAL NOTICE.—The Court's refusal to allow a witness to testify to the use of a ladder was not error, it being a matter of common knowledge.

8. TRIAL — INTRODUCTION OF EVIDENCE — DISCRETION OF COURT. — It is within the discretion of the trial Court to allow plaintiff to introduce evidence containing new matter after the defendant has closed its case.

9. TRIAL—RECEPTION OF EVIDENCE.—Where testimony containing new matter is introduced by the plaintiff after the defendant has closed its case, failure to allow the defendant to offer evidence to contradict or explain it is reversible error.

10. PLEADING—REPLY WAIVED.—Defendant waives its right to reply to new matter by not claiming it.

FOOTNOTE.—As to liability of municipality for injuries sustained by employee, see note in 21 L. R. A. (N. S.) 241, 52 L. R. A. (N. S.) 466. Employees of municipality as fellow servants in a common employment, see notes in 50 L. R. A. 436.

11. EVIDENCE—OPINIONS OF WITNESSES.—Where a witness did not qualify as an expert his testimony that the bin of the stone crusher was in good condition was properly excluded as of opinion evidence.

Before HON. C. M. EFIRD, special Judge, York, Fall term, 1914. . Affirmed.

Action by Julian L. Strait against the City of Rock Hill. From a judgment for plaintiff, defendant appeals.

*Mr. Walter M. Dunlap,* for appellant, cites: Civil Code, secs. 2951, 3053; 58 S. C. 413; 43 S. C. 402; 89 S. C. 506; 101 S. C. 493 and 521; 49 N. E. 633; 153 ·Mass. 260; 26 N. E. 999; 31 L. R. A. 174; 44 N. E. 399; 57 L. R. A. 218; Ann. Cas. 1914a, 554.

*Messrs. Wilson & Wilson,* for ·respondent, cite: Civil Code, sec. 3053; 20 A. & E. Enc. of L. 1191, 1194; 44 S. C. 168; 43 S. C. 401; 58 S. C. 413.

March 4, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff was in the employ of the defendant, and his statement of his employment is:

"I was working for the city of Rock Hill in the summer and fall of 1913; was hired by the city or by Mr. Hoke, superintendent of streets of Rock Hill. I generally did work; whatever he told me to do on the streets and different things; run the steam roller and worked hands on the streets and crusher work. I worked with the crusher about six weeks in all. I was superintending the crusher, the work, overseer of the hands, looking after them, when I got hurt. Mr. Hoke was over me; he was my boss."

The plaintiff's hand was crushed in the crusher. There are quite a number of allegations of negligence, but it is

sufficient to say that the plaintiff alleged that the crusher was in bad repair; that it was broken, only a part of the machine was used, and this caused an unnecessary accumulation of rock, which clogged the crusher; this made it necessary for the plaintiff to go up on the machine and take a stick and move the rock; that he was instructed not to stop the machine to unclog it; that much of his time was taken up with unclogging the machine; the plaintiff went up on the machine to unclog it, and when he got it unclogged, a wagon came up for crushed rock and he turned to give directions to the driver and his foot slipped from the place on which he was standing (this was alleged to be an inadequate footrest) and the plaintiff started to fall on the rocks below; that in order to save himself he caught at the machine, and by reason of the reverse motion of the cogwheels his hand and arm were caught and crushed. For this injury the plaintiff brought suit. The judgment was for the plaintiff, and the defendant appealed.

1. The first question raised by this appeal is as to the liability of a municipality to an employee for negligence. Appellant says:

"The contention of the appellant is that the legislature did not intend, nor does it in any way give to a person employed by the city any cause of action for an injury by him received; but, on the other hand, it intended to protect the pedestrian."

The authority to bring this action is based upon section 3053, Civil Code, vol. I, 1912. It is unnecessary to quote the whole section. The statute says: "Any person who shall receive bodily injury or damages," etc. "Any person" includes an employee. If there are defects in the statute, the legislature, and not the Courts, must amend the statute. This exception cannot be sustained.

2. The next question is: Should the presiding Judge have granted a nonsuit?

"Second Ground. Did the plaintiff have another safe way in which he could have performed the work he was engaged in at the time of his injury, and did he adopt the dangerous way?" That was a question for the jury. This exception is overruled.

3. "Third Ground. That plaintiff's testimony shows that his own act, combined with an act of God, contributed to his injury." This also was a question for the jury, and there was evidence to carry that question to the jury. This exception is overruled.

4. "The injury was caused by a fellow servant." There was no allegation or evidence that the injury was caused by a fellow servant. This exception is overruled.

5. "Assumption of risk." Assumption of risk is an affirmative defense, and must be pleaded. It was not pleaded, and is not, therefore, an available defense.

6. "The next question is that the act is unconstitutional in that it violates the State and Federal Constitution as to due process of law." The process of law is complete. That certain defense may or may not be available does not affect the question of due process of law.

7. The next question is: Was it error to refuse to allow a witness for the defendant to testify as to the purpose of a ladder that was standing by the crusher and used in connection with it? His Honor said: "Every one knows the use to which a ladder is put." We agree with him. The way in which it could have been used to minimize the danger was a matter of argument.

8. The Court permitted the plaintiff to introduce certain testimony after the defendant had closed its case, and the appellant claims the testimony was not in reply.

That is a matter within the discretion of the presiding Judge. If testimony is introduced on the part of the plain-

tiff, that is not in reply; the defendant has the right to offer evidence on his part to contradict or explain it. If defendant's evidence is rejected, then he has his right of appeal as the failure to admit it is reversible error. The defendant must claim his right to reply to new matter or he waives the right.

9. "The Court refused to permit a witness for defendant to testify that the bin was in good condition." This was an opinion, and the witness did not qualify as an expert.

The judgment is affirmed.