(131 So. 449)

## STONE, County Treasurer, v. STATE ex rel. LAURENDINE.

### 1 Div. 965.

Court of Appeals of Alabama.
Oct. 7, 1930.

Rehearing Denied Oct. 28, 1930.

Gordon, Edington & Leigh, of Mobile, for appellant.

Inge, Stallworth & Inge, of Mobile, for appellee.

102

BRICKEN, P. J.

On the 11th day of October, 1928, the appellee, petitioner in the court below, filed his petition for mandamus against George E. Stone, as treasurer of Mobile county, Ala., seeking to compel him to receive, number, and register a certain county warrant given in payment of the purchase price for a certain right of way, for highway purposes, over the lands of petitioner, and to pay same when in funds.

The petition filed was in all respects regular and in conformity with our statute (section 8978 of the Code 1923), and contained a brief statement of the jurisdictional facts, briefly and succinctly stated and verified by affidavit. The petition alleged that on the 1st day of October, 1928, the board of revenue and road commissioners of Mobile county, Ala., had authorized, by resolution, the payment of the sum of $600 to the petitioner as the purchase price for a right of way over and across certain described lands of the petitioner for public highway purposes, and that a county warrant for said sum of $600 was duly issued to the petitioner by authority of said board of revenue and road commissioners, on the 8th day of October, 1928, and that the petitioner presented same to George E. Stone, treasurer of Mobile county, Ala., with the request that said warrant be numbered and registered and that it be paid when funds were available for its payment. That said treasurer refused to number and register said warrant and refused to pay the same, and mandamus to compel the numbering and registration of said warrant and the payment thereof when funds were available for such payment was sought, or that cause be shown why the relief prayed for should not be granted.

The petition was demurred to by the respondent upon twenty-two separate and distinct grounds. The trial court overruled the demurrer, and the judgment of the trial court in this respect is attacked by appellant in the first assignment of error.

■ The trial court did not err in overruling the demurrers. The board of revenue and road commissioners were by law authorized and empowered to acquire the right of way sold by petitioner and to pay the purchase price therefor. It was the duty of petitioner to file his claim against the county for the purchase price of said right of way, in the manner prescribed by law, and we are of the

opinion that the claim, as filed, complies with the requirement of the statute. Section 225 of the Code 1923. Said board of revenue and road commissioners audited said claim and allowed the same, as provided under section 224 of the Code of 1923, and issued said warrant for $600, the agreed purchase price for said right of way. The auditing and allowance of the claim by said board of revenue and road commissioners fixed a prima facie liability against the county. The resolution adopted by the board of revenue and road commissioners of Mobile county, auditing and allowing said claim, issuing a warrant therefor, in our opinion, prima facie fixed a liability against the county and entitled the petitioner to have said warrant issued in payment of said claim, numbered and registered as required by law. Commissioners' Court v. Moore, 53 Ala. 25; Mobile County v. Williams, 180 Ala. 639, 61 So. 963; Fountain v. State ex rel. Hybart, 211 Ala. 586, 100 So. 892.

■ The board of revenue and road commissioners of Mobile county, Ala., were charged by law with the duty of auditing the claim and of not allowing the same unless it was a just and legal claim duly itemized and sworn to by the claimant and presented within twelve months after its accrual. If the claim in question conformed to the statutory requirements and was a just and proper claim against the county, said board were charged further with the duty of allowing the same, unless it was made to appear that the indebtedness thereby created exceeded the constitutional limitation. Goodson v. Dean, Judge et al. 173 Ala. 301, 55 So. 1010.

■ In his answer the respondent claimed that the petitioner was not the owner of the claim in question, but that the claim had been assigned to the First National Bank of Mobile, Ala., and this contention might have presented serious embarrassment in the granting of the writ of mandamus but for the admission and statement upon the part of the bank that there was no objection whatever on the part of the bank against petitioner's effort by the proceeding in question to collect the claim. Certainly, the trial judge was influenced by this testimony in awarding the writ. And here it may be observed that mandamus is not a writ of right but is a discretionary writ, the granting or refusal of which necessarily rests in the sound judicial discretion of the trial judge. Bibb v. Gaston, 146 Ala. 434, 40 So. 936; State ex rel. King et al. v. County Board of Education, 214 Ala. 620, 108 So. 588.

■ The trial judge heard the case as presented by the record in its entirety. The respondent testified that it was on account of his own ideas that the claim was not paid. What the "ideas" were that justified the respondent in refusing to number and register the warrant does not appear. He testified that

the mere fact that he considered it claimed by the First National Bank of Mobile was not the only reason that made him refuse to pay said claim. The duty rested upon the respondent of impeaching the validity of the claim, and the prima facie case made out by the petitioner by direct and satisfactory evidence. We cannot, therefore, say that the trial court abused its discretion in granting the writ, and the judgment of the lower court is therefore affirmed.

Affirmed.