105 So.2d 57

**BUTLER MANUFACTURING COMPANY, Inc.,**

v.

**A. D. STANDIFER.**

6 Div. 216.

Supreme Court of Alabama.

July 24, 1958.

Rehearing Denied Sept. 25, 1958.

W. J. Sullivan, Jr., Sadler & Sadler, Birmingham, for appellant.

J. Kirkman Jackson and Roger F. Rice, Birmingham, for appellee.

MERRILL, Justice.

Appellee recovered a $5,000 judgment against appellant and motion for a new trial was overruled.

Appellee alleged that he had driven a tractor and trailer to appellant's plant in Jefferson County to procure a load of steel to transport to Nashville, and while waiting at a point designated by appellant where he had been invited by appellant to be, that appellant negligently ran the tractor and trailer over him. The facts are that the driver (appellee) brought his vehicle to the premises, was told by an employee of appellant that they were not ready to load it, and after eating, he told one Harris, an employee of appellant, that he was going to take a nap under the trailer. He left the keys in the tractor and one Edwards, another of appellant's employees, later came out, got in the tractor to move it to the loading platform, started the motor, drove the vehicle forward, and the trailer passed over appellee's body.

Appellant first contends that the demurrer to the complaint should have been sustained because from aught appearing the appellee was an employee of defendant and his claim was under the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq.

The case was submitted to the jury on only one count (No. 2), which specifically alleges that plaintiff was an invitee. Appellant contends for the rule that injuries to an employee are presumed to be under the Workmen's Compensation Act and the burden is on the plaintiff in his pleading to remove the accident from the coverage of the act. We have recognized this rule in the cases cited by appellant, De Arman v. Ingalls Iron Works Co., 258 Ala. 205, 61 So.2d 764; W. B. Davis & Son v. Ruple,

222 Ala. 52, 130 So. 772; Kaplan v. Sertell, 217 Ala. 413, 116 So. 112; Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787. But in each of those cases, the complaint specifically alleged a master-servant relationship. There is no necessity to specifically deny the coverage of the Workmen's Compensation Law when the complaint is based upon the allegation that plaintiff is an invitee. The demurrer was correctly overruled. We add that the evidence clearly shows that there was no master-servant relationship.

Appellant next contends that it was due the general affirmative charge, without hypothesis, because appellee, "at the moment of the accident, had exceeded the scope of his invitation." The argument is summarized in brief as follows:

"When the plaintiff drove his truck onto the defendant's premises, on the occasion of the accident, he was an invitee on the defendant's premises. However, when he left his key in the ignition of the tractor and then placed himself in a position of danger under the wheels of his trailer, then it is inescapable to conclude that he had exceeded the scope of any initial invitation extended him to come on the premises."

We cannot agree that this is correct as a matter of law. We think it presents a jury question just as it did in the two cases cited by appellant, Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73, and Robinson v. Maryland Coal & Coke Co., 196 Ala. 604, 72 So. 161.

The evidence shows that appellee drove his vehicle to the usual place for loading at the shipping department. He reported to Burgess, the head of that department, and was told to wait. About thirty minutes later, appellee reported to Burgess that he was going to lunch. He went a short distance from the plant, bought some food and brought it back to the plant. He and one Cornelius, another driver, ate lunch under the trailer. Appellee testified

that around 12:45 P.M. he told Harris, who was assistant to Burgess and was in the yard supervising the loading of trucks, that he (appellee) was going to his truck and go to sleep under the trailer since Cornelius' truck was to be loaded ahead of appellee's, and that Cornelius would wake appellee when Cornelius' truck was loaded. To this Harris replied, "O.K." (Harris denied any conversation with appellee that day).

Appellee took extra cushions out of the truck, made a pallet under the north side of the trailer (the driver's side) and went to sleep. The key was in the ignition lock and Edwards later came out and drove the truck forward about eight feet. The wheel of the trailer hit appellee's head, tearing his scalp and ear, and finally rolled over his body.

We think it was a jury question as to whether appellee had ceased to be an invitee, as was the question of whether there was a conversation with Harris and whether Harris was acting within the line and scope of his employment when and if he said "O.K." All of these points were fully covered in the court's oral charge, one part of which was as follows:

"But it is for you to decide that issue first, whether or not the plaintiff was an invitee or whether he was in some other situation. Now, if he was not an invitee, then as I say, he does not come within the complaint, the complaint is not proved. If he was an invitee, then the duty that would be owed him or was owed him on that occasion by the defendant company was to use reasonable and due care and not to negligently injure the plaintiff."

Appellant was not entitled to the peremptory charge.

Appellant also insists that it was entitled to the general affirmative charge with hypothesis. When the time arrived for appellee's truck to be loaded, Edwards, one of appellant's employees, looked for appellee and moved his truck. In answer to an interrogatory, appellant answered in part as follows:

"* * * When it was necessary to move the crane across that place where the truck was situated, one of the defendant's employees [Edwards], seeing nothing in the way of the truck upon his looking to the front and to the rear, got into said tractor, and commenced to move the truck and had moved it several feet when the accident apparently occurred."

The evidence showed that the trailer was 32 feet long, the bed was four feet above the ground and that one standing at the door on the driver's side of the truck could see the ground between the back wheels of the truck (tractor) and the rear wheels of the trailer. This evidence, with that of appellee that he was asleep in front of the rear wheels of the trailer on the driver's side, that the rear wheels of the trailer ran over almost the entire length of his body, and the statement that "Edwards looked to the front and to the rear and saw nothing" presented a jury question of whether or not Edwards used due care. This is very close to the question in Louisville & Nashville R. R. Co. v. Jenkins, 196 Ala. 136, 72 So. 68, 71, where it was said:

"Did then the agent in charge of the engine see the plaintiff and the frightened, 'prancing' mule he was trying to drive or control? In L. & N. R. R. Co. v. Calvert, as Adm'r, 172 Ala. 597, 55 So. 812, and in Herring v. L. & N. R. R. Co., 95 Ala. 422, 70 So. 749, on like evidence, it was held to be a question for the jury to decide whether the engineer did actually see the person injured, from the fact that the engineer was looking in the direction of the plaintiff along a straight tract or vista, without intervening obstacles, in the daytime, and under such circumstances as that,

within the line or scope or range of his vision, he could have readily seen the person or the obstacle in peril."

We still think a jury question was presented by the evidence.

All of the remaining argued assignments of error charge error in the refusal of other written charges requested by appellant.

■ Charge 29 singles out and emphasizes one aspect of the evidence while ignoring others. Moreover, the plea of contributory negligence was covered fully and well by the trial court and there was no error in refusing this charge.

Charge 30 is a sole proximate cause charge. This charge was given almost verbatim by the trial court in the oral charge, and thus appellant received the benefit of this requested charge.

Charges 32 and 33 are concerned with the authority of the employee Harris to authorize plaintiff's act of lying down and going to sleep under the trailer. These charges were amply covered by the oral charge.

Charges 40 and 42 single out and emphasize one aspect of the evidence while ignoring completely the question of Harris' authorization and knowledge that plaintiff was asleep under the trailer. They also ignore the fact that such knowledge might be imputed to the defendant and to Edwards and were properly refused.

No reversible error appearing in the record, the judgment is affirmed.

Affirmed.

SIMPSON, STAKELY, GOODWYN and COLEMAN, JJ., concur.

LIVINGSTON, C. J., and LAWSON, J., dissent.