LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

133 So.2d 212

Ben E. MERRILL, Executor,

v.

BLOUNT COUNTY.

6 Div. 711.

Supreme Court of Alabama.

Sept. 21, 1961.

586

Brobston & Brobston, Bessemer, and Johnson & Randall, Oneonta, for appellant.

Nash & NeSmith, Oneonta, for appellee.

MERRILL, Justice.

This appeal is from a judgment of non-suit induced by the sustaining of demurrers to Counts A and C of the amended complaint, and the sustaining of objections to the introduction in evidence of the claim against Blount County filed by appellant with the governing body of the county.

The action was based upon alleged trespasses of employees of the county in widening a county road and damaging the property of the owner. Each count contained an averment that at all times the defendant was empowered to exercise the powers of eminent domain. The demurrer was overruled as to Count B and some evidence was presented under that count prior to the taking of the nonsuit.

Count A alleges in part that "the plaintiff did, on, to-wit, March 27, 1959, file in writing with the Board of Finance and Control of Blount County, then and there the governing body of said County, an itemized claim in writing detailing the damage claimed by the said Myra Freiley Merrill, which said claim, in writing, was denied by said Board of Finance and Control of Blount County, Alabama, in that no sum was authorized to be paid and no sum was paid to plaintiff's testate on account of the damage claimed by the trespass aforesaid."

The pertinent part of Tit. 12, § 115, Code 1940, reads:

"No claim against the county shall be passed upon or allowed by the court of county commissioners unless it is itemized and sworn to by the claimant, or some person in his behalf having personal knowledge of the facts; * * *."

It has long been the law that a complaint seeking to recover on a claim against a county must allege that the statement of the claim was itemized and verified as required by § 115. Schroeder v. Colbert County, 66 Ala. 137; Jones v. Jefferson County, 206 Ala. 13, 89 So. 174. The demurrer to Count A raised the point that the complaint did not show that the claim filed by the owner was verified. The demurrer was properly sustained on this ground.

Count C contained the following additional paragraph:

"The plaintiff further avers that the plaintiff's intestate, on March 27, 1959, did file a verified and itemized statement of the claim, the basis of this suit, against the defendant, Blount County, one of the Counties of the State of Alabama, and the said claim was filed with the Board of Finance and Control of Blount County, Alabama, the Board having control of the matters in this case. That a copy of said claim is hereto attached and made a part of this Count of the complaint the same as if set out in full at this place and is marked Exhibit A hereto."

The copy of the claim attached reads:

"To: Board of Finance and Control
"Blount County, Alabama
"State of Alabama,
"Jefferson County

"Personally appeared before me, the undersigned authority in and for said County in said State, Ben E. Merrill, who being by me first duly sworn makes this affidavit pursuant to the provisions of Title 7 Section 96, Code of Alabama 1940, as amended, and affiant says:

"That he is the son of Mrs. Roy A. Merrill of Route 1 Box 89, Warrior, Alabama, and that the said Mrs. Roy A. Merrill owns the following described property:

"Fifteen (15) acres in the Southwest corner of the SW¼ of the NE¼; thirty-four (34) acres in the NW¼ of the SE¼; three (3) acres in the Southwest corner of the NE¼; all in Section 30, Township 13, Range 2 West,

and that during, to-wit: the months of November and December, 1958, road grading equipment, trucks and other road building equipment trespassed upon the property hereinabove described without the permission of Mrs. Roy A. Merrill, and in widening the County road which runs through the hereinabove described property caused damage to the property and to timber growing upon said property. And affiant believes that the damage caused to the said property is in the amount of $2500.00 and that the County of Blount is justly indebted to the said Mrs. Roy A. Merrill in the amount of $2500.00.

"That he makes this claim on behalf of and at the request of the said Mrs. Roy A. Merrill.

"s/ Ben E. Merrill
"Sworn to and subscribed before me this the 27th day of March, 1959.
"s/ Richard L. Jones
"Notary Public"

Count C shows that Ben E. Merrill sues as the executor of the estate of Myra Freiley Merrill, but the claim attached and made an exhibit claims damages were sustained by reason of trespass to lands of Mrs. Roy A. Merrill. At the time the

ruling sustaining the demurrer was made, there was nothing before the court to show that Myra Freiley Merrill and Mrs. Roy A. Merrill were one and the same person. On its face, Count C shows that the party plaintiff and the person filing the claim are different. This point was raised by the demurrer and the court correctly sustained the demurrer under Tit. 12, § 115, because there was no allegation that the plaintiff and the claimant were the same parties.

■ We come now to consider the claim as filed with the governing body of Blount County. Here, the claim must stand or fall of itself, unaided by allegations in the complaint. The governing body of Blount County was charged by law with the duty of auditing the claim and not allowing it unless it was a just and legal claim, duly itemized and sworn to by the claimant or some person in his behalf. Title 12, §§ 114, 115; Stone v. State, 24 Ala.App. 101, 131 So. 449, certiorari denied 222 Ala. 182, 131 So. 450.

The claim does not show that the alleged damages were caused by Blount County. For aught appearing, some contractor might have been the trespasser. There is no statement that any agents or servants of Blount County caused the damage.

Appellant cites the case of Morgan County v. Standridge, 235 Ala. 486, 179 So. 912, 913, where the claim is set out in the report of the case. But there, the claim stated that the damages were "caused by the construction of a culvert or waterway across or on a public highway of the County *by the County of Morgan.*" Such a statement is absent from the claim in question.

While neither party raises the question, the claim itself does not show that the land is in Blount County. We do not hold that this omission rendered the claim void because evidence showed the lands to be in Blount County. See Haisten v.

Ziglar, 258 Ala. 554, 64 So.2d 592[6]. Still, the claim was not helped or rendered more certain by the omission.

This brings us to a consideration of the assignments of error dealing with the sustaining of objections to the introduction of the claim in evidence.

When the claim, Exhibit 1, was offered, appellee objected on the grounds, (1) there was a variance between the allegations and the proof and pointed out the variance under Circuit Court Rule 34; (2) that the claim was not itemized; and (3) that the person signing the claim had no personal knowledge of the facts.

The objection based upon a variance has already been mentioned. The suit was filed by Ben E. Merrill, as executor of the estate of Myra Freiley Merrill, while the claim was filed in behalf of Mrs. Roy A. Merrill. When objection was first made, there was a variance, but testimony was later adduced showing that the two named parties were one and the same person, so that at the actual time of the taking of the nonsuit, there was no variance as to the parties.

■ We think the second and third grounds for the objection were well taken. The claim does not state the damage was done or caused by Blount County, and states no item or reason why affiant believes "that the County of Blount is justly indebted to the said Mrs. Roy A. Merrill in the amount of $2500.00." As such, it was not properly itemized. We are not to be understood as holding that the claim should have itemized the number of trees removed or the yards of dirt displaced, but it should be itemized to show who or by whom the alleged damage was done or caused. This claim is totally deficient in that respect.

We note that cases involving claims against cities are not strictly in point, because they are governed by different statutes which are not applicable to claims against counties.

■ When Ben E. Merrill was being examined as a witness, he testified that he did not have personal knowledge of the facts. Yet the statute, Tit. 12, § 115, requires that the claim be verified by the claimant, "or some person in his behalf having personal knowledge of the facts." Here, the claim was not signed by the claimant, Mrs. Merrill, but in her behalf by her son who did not have personal knowledge of the facts.

It follows that there is no reversible error in the rulings of the court which induced the nonsuit.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.