268 So.2d 731

**Johnnie Mase McCARROLL, Administratrix of the Estate of Woffin McCarroll**

v.

**The CITY OF BESSEMER, a Municipal corporation, et al.**

**6 Div. 938.**

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Nov. 16, 1972.

Walter Cornelius, and Clarence B. Kelley, Birmingham, for appellant.

J. Howard McEniry, Jr., Bessemer, for appellees.

HEFLIN, Chief Justice.

This case was assigned to another Justice on original submission. It has been reassigned to the writer for preparation of an opinion for the court.

Appellant-plaintiff Johnnie Mae McCarroll, as administratrix of the estate of her deceased husband Woffin McCarroll, appeals from a nonsuit judgment suffered by her because of an adverse ruling of the trial court in sustaining the demurrers of the appellee-defendant City of Bessemer to the complaint, as last amended. The lower court overruled the demurrers of co-defendant James M. Martin.

The essential allegations of the amended complaint follow. Woffin McCarroll was a laborer in the Street and Sanitation Department of the City of Bessemer, a municipal corporation, and on January 5, 1971, he was killed while riding a garbage truck upon a public alley pursuant to his duties of picking up and emptying garbage cans into said truck. The truck was owned by the City of Bessemer and was being driven by the defendant James M. Martin. James M. Martin negligently drove said truck into or dangerously near a large tree standing within the dedicated portion of said public alley so as to cause Woffin McCarroll to strike said tree and that as a proximate result of the injuries sustained therefrom his death resulted. The tree was located within an area which the City of Bessemer was required by law to maintain in a condition reasonably safe for vehicular travel. The tree had been at said location for a long period of time preceding the date on which Woffin McCarroll was injured and the City knew, or should have known, of the danger imposed thereby to vehicular travel in said public alley.

The amended complaint further alleged that the negligence of the City in allowing said tree to be and remain in such a dan-

gerous position, and the negligence of the said James M. Martin in negligently driving said truck on said occasion coalesced to cause the death of the plaintiff's intestate. The plaintiff further alleged "Plaintiff has given notice of her claim to the defendant, City of Bessemer, a municipal corporation, as required by law". It was not alleged that the driver Martin was an agent, servant or employee of the City.

■ A plaintiff is entitled to a nonsuit and an appeal from the sustaining of a demurrer to a complaint charging concurrent negligence of two defendants, even though a single defendant remains in the case after the sustaining of the demurrer. Simpson v. City of Montgomery, 282 Ala. 368, 211 So.2d 498.

This court will consider, first, the City's contention of governmental immunity. The appellee-defendant City of Bessemer contends that it was engaged in the governmental function of collecting garbage at the time of the alleged accident and was, therefore, immune to suit. On the other hand, appellant-plaintiff McCarroll contends that the gravamen of her complaint against the City was that her intestate was killed through the negligence of the City in failing to remedy a defect in a public alley after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of the defect and, therefore, under such circumstances the doctrine of municipal tort immunity is not applicable.

Title 37, § 502, Code of Alabama, 1940, provides in pertinent part as follows:

> "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation . . . unless the said injury or wrong was done or suffered through the neglect, carelessness, or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the coun-

cil, or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council . . .".

■ The import of this statute is to impose upon a municipality a legal duty to keep its streets and public ways reasonably safe for ordinary travel. Oliver v. Water Works & Sanitary Sewer Board, 261 Ala. 234, 73 So.2d 552; City of Florence v. Stack, 275 Ala. 367, 155 So.2d 324; Johnson v. City of Opelika, 260 Ala. 551, 71 So.2d 793. An evaluation of the cases may cause one to wonder as to whether the duty of a municipality in this connection is a corporate duty or a statutory duty. Compare Oliver v. Water Works & Sanitary Sewer Board, supra, with City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542. See also Copeland and Screws, Governmental Responsibility for Tort in Alabama, 13 Ala.L.Rev. 296 (1961); City of Birmingham v. Whitworth, 218 Ala. 603, 119 So. 841 and Hillman v. City of Anniston, 214 Ala. 522, 108 So. 539.

■ Regardless of whether the care and maintenance of city streets and alleys is pronounced a corporate or statutory duty, it is clear that the charge against the City of Bessemer as to the death of the plaintiff's intestate was alleged to have been a result of a breach of this duty and the doctrine of municipal immunity is not applicable. Even if the defendant City of Bessemer proves that it was also engaged in a governmental function, i.e., garbage collection, at the time of the fatal injury to plaintiff's intestate, such proof would not prevent recovery under the alleged cause of action against the City, if satisfactorily proven. The allegations of a break of a dity against the City are limited to a breach of the City's corporate or statutory duty to maintain its public alley in a reasonably safe manner for ordinary travel, and as alleged fall outside the reach of the municipal immunity doctrine.

In 63 C.J.S. Municipal Corporations § 756 b this statement is found:

"At common law, a municipal corporation's liability for injuries to employees on the streets generally depends on whether the care of streets is regarded as a governmental duty or as a ministerial or corporate function; where the municipality has a common-law or statutory duty to maintain its streets in a reasonably safe condition, such duty extends to the protection of firemen and policemen."

In City of Valparaiso v. Chester, 176 Ind. 636, 96 N.E. 765, the Supreme Court of Indiana allowed recovery where a fireman in the employ of the defendant city was injured when the fire wagon which he was driving struck a depression in a public street and partially overturned. The court said:

"While a fireman in the employ of a city is not its servant in the sense of one serving a private corporation and is not one in which the maxim respondeat superior is made applicable or can be invoked for his acts (4 Dillon on Municipal Corporations [5th Ed.] § 1660), nevertheless the city is required to keep and maintain its public streets in a reasonably safe condition for the use of its firemen in the discharge of their duties in like manner as it is required to do for the use of other travelers or persons."

\*　　\*　　\*　　\*　　\*　　\*

"The general rule, supported by the authorities, is that the duty devolving upon a city or town to keep its streets in repair is not limited alone to repair for travelers, but they are to be kept in repair for all the purposes to which they may be lawfully devoted. Chicago v. Keefe, 114 Ill. 222, 2 N.E. 267, 55 Am. Rep. 860."

In City of Mobile v. Reeves, 249 Ala. 488, 31 So.2d 688, this court allowed recovery where a policeman while riding a motorcycle along a public street in the City of Mobile in the discharge of his duties, was killed when his motorcycle ran into a saucer like depression in the pavement of the street. It is implicit from the pleadings, the jury charges and the reference to Title 37, Sections 502 and 503, supra, that this court in *Reeves,* supra, recognized that a municipal employee in the discharge of his governmental duties could recover against a municipality for injuries received due to the failure of the municipality to keep its public ways reasonably safe for ordinary travel.

In Strait v. City of Rock Hill, 104 S. C. 116, 88 S.E. 469, an employee was allowed to recover against a municipality for personal injuries received while in the discharge of his governmental duties. The court held that the words "any person" in a statute allowing recovery of damages from a municipality by any person who received bodily injuries through a defect in a public way included a municipal employee.

See also, City of Ardmore v. Fowler, 54 Okl. 77, 153 P. 1117; Kennedy v. Mayor, etc., of City of Savannah, 9 Ga.App. 760, 72 S.E. 160; City of Louisville v. Hans, 167 Ky. 160, 180 S.W. 65; Coots v. City of Detroit, 75 Mich. 628, 43 N.W. 17.

■ This court, therefore, holds that a complaint which alleges that a municipal employee, while engaged in his governmental duties, is injured through the negligence of the city in failing to keep its streets or alleys reasonably safe for ordinary travel states a good cause of action subject to the limitations applicable to other litigants.

■ Defendant-appellee City of Bessemer also contends that its demurrers were properly sustained because there was no allegation in the complaint which would take this case from under the operation of the Workmen's Compensation laws. The rule in Alabama is that when a suit is brought by an employee against the employer, the

complaint should conform to the Workmen's Compensation Act or should allege facts showing that the Act did not apply. Butler Manufacturing Company v. Standifer, 268 Ala. 181, 105 So.2d 57; Bell v. Brooks, 270 Ala. 691, 121 So.2d 911; Kaplan v. Sertell, 217 Ala. 413, 116 So. 112.

Plaintiff-appellant in her complaint as last amended alleged that her intestate was in the employ of the defendant City of Bessemer at the time of the accident. Title 26, Section 263, Code of Alabama, 1940, provides that the Workmen's Compensation laws shall not apply to any county, city, town, village or school district unless said entities elect to accept provisions of the Workmen's Compensation laws.

■■ Appellant-plaintiff McCarroll by alleging that her intestate was employed by a city has alleged facts sufficient to show the inapplicability of the Workmen's Compensation laws. If the City of Bessemer had elected to accept the provisions of the Workmen's Compensation laws, then this would be an exception to the usual rule of exclusion of municipalities. Thus, in the instant case, the burden of alleging and proving the applicability of such coverage should be on the city after its general inapplicability has been alleged in the complaint. The demurrer was not due to be sustained on this ground.

Appellee-defendant City of Bessemer further contends that its demurrer should be sustained because plaintiff-appellant failed to sufficiently allege compliance with Title 37, Section 504, Code of Alabama, 1940. This section precludes recovery against any city on a claim for personal injuries unless a sworn statement is filed with the clerk stating the manner in which the injury was received, the day, time and place of the accident and the damages claimed.

■ It is firmly established by decisions of this court that in order to maintain an action against a municipal corporation the filing of the statement of claim in substantial compliance with the statute must be alleged and proved. City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643; Dixon v. City of Mobile, 280 Ala. 419, 194 So.2d 825.

Several decisions of this court have held that where an attempt is made to allege the actual particulars of a statement of claim, then such particulars must be alleged with accuracy and completeness. Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; Schroeder v. Colbert County, 66 Ala. 137; Merrill v. Blount County, 272 Ala. 585, 133 So.2d 212. Other cases have held that a variance between the allegations of the particulars of a statement of claim and the actual proof of those particulars is fatal. City of Birmingham v. Jeff, 236 Ala. 540, 184 So. 281; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63.

However, only on a few occasions has this court written to the sufficiency of a general allegation of compliance with a notice statute. In City of Birmingham v. Shirley, 209 Ala. 305, 96 So. 214, the plaintiff averred:

" . . . that he has complied with the statutory requirements, as provided by the Code of Alabama of 1907, § 1275 (Acts of 1915, § 12, p. 298), before the bringing of this suit, by filing a sworn statement with the clerk of the city commission of the city of Birmingham, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred and damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the plaintiff resided, all within 90 days from the receipt of such injuries on, to wit, January 6, 1921."

In response to defendant's contention that the mere conclusion of the pleader that he

complied with the statute as to filing of his statement of claim was not sufficient, this court replied that the act of complying with such requisite to enter suit is a fact that may be alleged as such.

And in City of Bessemer v. Pope, 212 Ala. 16, 101 So. 648, the plaintiff alleged:

" . . . that a sworn statement of the injuries herein complained of, stating substantially the manner in which the injuries complained of were sustained, and the place where sustained, and the time when sustained, was filed with the clerk of the city of Bessemer, one of the defendants, more than ten days before the commencement of this action by the plaintiff."

This court held that this averment showed sufficient compliance with what is now Title 37, Section 504, supra, so as not to be subject to demurrer on that account.

In City of San Antonio v. Ashton, 135 S.W. 757 (Tex.Civ.App.1911) where the defendant raised the sufficiency of the allegation of compliance with the statement of claim statute, the court stated: "The allegations were in the terms of the charter provision, and this was sufficient pleading. Plaintiff was under no necessity of pleading the evidence."

The purpose of Title 37, Section 504, supra, is to give notice of a claim in order that the municipality may investigate and determine the merits of the claim. Ray v. City of Birmingham, 275 Ala. 332, 154 So.2d 751. Notice is the essence of the statute. Although appellant-plaintiff McCarroll must prove more than the fact that mere notice was given, she, nevertheless, did allege that notice as required by law was given, and this court holds this allegation sufficient.

Since there was error in the judgment sustaining the demurrer, the nonsuit is set aside, and the cause is remanded for reinstatement and further proceedings.

Reversed and remanded.

MERRILL, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.

COLEMAN, J., dissents.