[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2012
JOHN LEY
CLERK

No. 11-11264
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-01271-WMA


ROGER SHULER,

                                                      Plaintiff-Appellant,

versus

BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA, THE,
CAROL GARRISON, individually and in her official UAB capacity, et al.,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 3, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Roger Shuler appeals pro se from the district court's grant of summary judgment to the University of Alabama at Birmingham ("UAB") Board of Trustees and several UAB employees (the "individual defendants," collectively referred to with the Board as the "UAB defendants"), and the grant of the City of Birmingham's ("City") motion to dismiss. Shuler had filed a pro se complaint, claiming that the UAB defendants retaliated against him and wrongfully terminated his employment in violation of: (1) 42 U.S.C. § 1983, because he was fired for exercising his First Amendment right to free speech; (2) 42 U.S.C. § 1985(3), because the UAB defendants conspired to deprive him of his constitutional rights; (3) 42 U.S.C. § 1986, because the UAB defendants knew of this conspiracy and failed to prevent it; (4) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, in that he was discriminated against due to his age; and (5) Title VII, 42 U.S.C. § 2000e, et seq., because he was discriminated against on the basis of his gender. Shuler also brought a state defamation claim against the City.

The district court handled Shuler's claims as follows. Following Shuler's objection that the Board improperly filed a motion to dismiss after its answer and that the motion to dismiss was filed with supporting affidavits, the district court

2

converted the Board's motion to dismiss into a motion for summary judgment. The district court clarified that the UAB individual defendants' motion, which was filed as a "motion to dismiss or for summary judgment," would also be treated as a motion for summary judgment.

After giving Shuler time to oppose the motions, the district court subsequently granted summary judgment to the UAB defendants based on the following findings. First, with respect to Shuler's §§ 1983, 1985(3), and 1986 claims, the UAB Board and the individual defendants in their official capacities enjoyed Eleventh Amendment immunity, the individual defendants in their individual capacities benefitted from qualified immunity, and Shuler failed to plead facts sufficient to establish a constitutional violation or a conspiracy between the individual defendants. Second, with respect to his ADEA claim, Shuler failed to allege that age was the "but for" reason for his discharge. Third, with respect to his Title VII gender discrimination claim, Shuler failed to exhaust the claim by filing a charge of gender discrimination with the Equal Employment Opportunity Commission ("EEOC"). The district court also granted the City's motion to dismiss, based on Shuler's concession that he did not file a notice of his claim with the City Clerk's Office, as required by Alabama state law. The district court also denied several motions Shuler filed asking the judge to recuse himself.

3

On appeal, Shuler claims that the district court erred by (1) granting the City's motion to dismiss, (2) converting the Board's motion to dismiss into a motion for summary judgment, (3) failing to allow discovery, (4) improperly granting summary judgment on the Title VII claim, (5) improperly granting summary judgment on the ADEA claim, (6) improperly granting summary judgment on the § 1983 claim, (7) improperly granting summary judgment on the § 1985 claim, and (8) improperly finding the complaint barred by Iqbal and Twombly.[1]

## I. City's Motion to Dismiss

Pursuant to Ala. Code § 11-47-23, there is a six-month limitations period within which a claimant must notify the city clerk of a potential tort claim against a municipality. Under Alabama law, the plaintiff has the burden to prove compliance with the claim-filing requirement. McCarroll v. City of Bessemer, 268

---

[1] Shuler also argues that the district court erred by denying multiple motions to recuse. He contends that the district court was communicating secretly with the opposing party or interested third parties, as evidenced in part by the court's statement, "I know that UAB and the people over there are very anxious about this." Shuler also contends that the district court intended to misapply the law, as evidenced by the court's suggestion that Shuler learn about the procedure for filing a writ of mandamus. We find no abuse of discretion in denying the motions to recuse. There are no facts "that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). We also find no error in the district court's refusal to strike affidavits.

So. 2d 731, 735 (Ala. 1972) ("[I]n order to maintain an action against a municipal corporation the filing of the statement of claim in substantial compliance with the statute must be alleged and proved.").

Shuler conceded to the district court that he did not file this required Notice of Claim with the city clerk within six months. Because of this concession, the district court did not need to consider the affidavit attached to the City's motion to dismiss. Accordingly, we find no merit to Shuler's argument that the district court erred by failing to convert the motion to dismiss into a motion for summary judgment. See Harper v. Lawrence Cnty., Ala., 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them–there is no more formal step required.").

**II. Converting the Motion to Dismiss into a Motion for Summary Judgment**

Shuler argues that the district court could not convert the Board's motion to dismiss into one for summary judgment because the Board filed an answer before filing the motion to dismiss, and therefore the motion to dismiss was completely invalid.

If a district court considers matters outside the pleadings when ruling on a motion to dismiss under Rule 12(b)(6), the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). We find no error here. The district court properly converted the Board's motion under Rule 12(d), see Harper, 592 F.3d at 1232, and this conversion rendered moot any argument that the district court improperly ruled on a motion to dismiss.

## III. Failing to Allow Discovery

Shuler contends that the district court erred by refusing to allow for discovery before granting summary judgment. Where "the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1998). Under Rule 56, if the party opposing summary judgment shows by affidavit or declaration, for specified reasons, that it cannot present facts essential to its opposition, the court may: (1) defer the motion for summary judgment, (2) allow time to obtain affidavits or declarations or to take discovery, or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). After providing the parties with notice

6

and time to respond, the district court may grant summary judgment on grounds not raised by a party or "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f).

Shuler never filed a motion under Rule 56(d) and did not identify any discovery relevant to the grounds for summary judgment. No amount of discovery would change the conclusion that the defendants are entitled to summary judgment on all claims.

## IV. Summary Judgment on Title VII Claim

Shuler claims that the district court erred by granting summary judgment to the UAB defendants on his gender discrimination claim. The individual defendants are not "employers" under Title VII, and thus Shuler's claim against them fails. Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (noting that Title VII does not "countenance individual liability"). With respect to the Board, Shuler has failed to allege any evidence that he was discriminated against due to his gender. "[A] pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." Brown v.

7

Crawford, 906 F.2d 667, 670 (11th Cir. 1990). Bare and self-serving allegations are inadequate to carry the plaintiff's burden on summary judgment. Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir. 2000). We find no error in the district court's grant of summary judgment on this claim.

## V. Summary Judgment on ADEA Claim

Shuler argues that the district court erred by granting summary judgment to the UAB defendants on his age discrimination claim. The individual defendants are not "employers" under the ADEA, and thus Shuler's claim against them has no merit. Albra, 490 F.3d at 830 (holding that the ADEA, like Title VII, does not "countenance individual liability"). The Board has Eleventh Amendment immunity from ADEA claims, Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91-92, 120 S. Ct. 631, 650 (2000), and this immunity may be raised for the first time on appeal, Doe v. Moore, 410 F.3d 1337, 1349 (11th Cir. 2005) ("A state's waiver of its sovereign immunity . . . must be unequivocally expressed, and Eleventh Amendment jurisdictional questions can be raised for the first time on appeal . . . .") (quotations and citation omitted). Thus, Shuler's ADEA claim fails.

## VI. Summary Judgment on 1983 Claim

Shuler argues that the district court erred by granting summary judgment to the UAB defendants on his 1983 claim. To the extent this claim is against the individual defendants in their official capacity or against the Board itself, the claim fails because of Eleventh Amendment immunity. Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994). To the extent the complaint is against the individual defendants in their individual capacity, we agree with the district court that Shuler has failed to overcome qualified immunity.

Qualified immunity protects government officials performing discretionary functions from liability in their individual capacity if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515 (2002) (quotation omitted). The immunity "protects all but the plainly incompetent or those who knowingly violate the law." Jordan v. Mosley, 487 F.3d 1350, 1354 (11th Cir. 2007) (quotation omitted). Once a defendant establishes that he was acting within his discretionary authority, the plaintiff has the burden of establishing that qualified immunity is not appropriate. Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002).

Shuler has not shown that any clearly established right has been violated. His only alleged evidence is a recorded phone call that he says supports the notion

9

that he was terminated because of the political content of his blog. However, Shuler's own transcript of the phone call shows only that his time spent researching content for his blog during working hours was a factor–and an "insignificant" one, at that–in his termination. There is no evidence to suggest that the political content of his blog was a factor at all. Accordingly, we affirm the district court's grant of summary judgment to the UAB defendants on this claim.

**VII. Summary Judgment on 1985 Claim**

Shuler contends that the district court erred by granting summary judgment on his 1985 claim, but Shuler has failed to provide any citations or argument as to why the district court erred by granting summary judgment on this claim. This argument is waived, as are any other claims on which Shuler lost at the district court that have not been properly presented to this Court. See N.L.R.B. v. McClain of Georgia, Inc., 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").[2]

AFFIRMED.

---

[2] Because of the previous holdings, we need not discuss whether the district court erred by finding that all of Shuler's claims also failed under Iqbal and Twombly.

10